UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13<br>CASE NO.: 1:19-bk-02630-HWV |
| ALLISON REINDOLLAR,<br>Debtor, | Related Doc.: 47 |

_____/

NEWREZ LLC D/B/A SHELLPOINT
MORTGAGE SERVICING,
    Secured Creditor,

v.

ALLISON REINDOLLAR,

Debtor,

MATT S. PLUBELL,

Co-Debtor,

JACK N ZAHAROPOULOS, Trustee,

    Respondents.

_____/

## STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY

Secured Creditor, NewRez d/b/a Shellpoint Mortgage Servicing by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

### I.    BACKGROUND:

1. On December 22, 2015, Matt S. Plubell and Allison N. Reindollar executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $200,162.00 to American Financial Network, Inc., DBA: Orion Lending, a California Corporation.

2. The Mortgage was recorded on December 28, 2015 in Book 2351 at Page 979 of the Public Records of York County, Pennsylvania.

3. The Mortgage was secured as a lien against the property located in York County commonly known as 230 Ivy Drive, Manchester, Pennsylvania 17345.

4. The loan was lastly assigned to NewRez LLC d/b/a Shellpoint Mortgage Servicing and said Assignment of Mortgage was recorded with the York Recorder of Deeds on April 24, 2020 in Book Number 2569, Page Number 3389.

5. Debtor has failed to make the monthly post-petition payments of principal, interest, and escrow to Secured Creditor in the amount of $1,507.62 which came due on April 1, 2022, May 1, 2022, June 1, 2022, July 1, 2022, August 1, 2022, September 1, 2022, October 1, 2022, and November 1, 2022; as well as payments in the amount of $1,519.41 which came due on December 1, 2022, January 1, 2023, February 1, 2023, March 1, 2023, and April 1, 2023. There includes a suspense balance of $815.79.

6. Thus, Debtor'(s) post-petition arrearage totaled the sum of $18,842.22 through April 20, 2023.

7. Debtor(s) further acknowledge that additional payments of principal, interest and escrow currently in the amount of $1,519.41 per month shall become due under the Note and Mortgage on the 1st of each successive month, beginning May 1, 2023 until the Note is paid in full. Debtor(s) acknowledge that the monthly payment is subject to change and is responsible for same.

8. NewRez LLC d/b/a Shellpoint Mortgage Servicing and Debtor(s) desire to resolve Debtor(s)' post-petition arrearage in accordance with the set forth terms below:

**STIPULATION FOR RELIEF FROM STAY**

1. Debtor confirms and acknowledges her obligations Shellpoint Mortgage Corporation

under the Note and Mortgage.

2. Debtor further confirms and acknowledges his failure to make the post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth above in paragraphs 5 and 6.

3. Debtor further confirms and acknowledges his obligations to make the regular post-petition payments of principal and interest going forward from May 1, 2023, as set forth above in paragraph 7.

4. Debtor agrees to cure the post-petition delinquency by filing an Amended Chapter 13 Plan to include the post-petition default of $18,842.22 to be paid to Secured Creditor. This Amended Plan shall be filed within thirty (30) days of the entry of this Stipulation.

5. In the event that Debtor converts to a Chapter 7 during the pendency of this Bankruptcy case, the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion. Should the Debtor fail to cure the arrearage, Shellpoint Mortgage Corporation will send Debtor's counsel written and e-mail notification of default of this Stipulation. If the default is not cured within fifteen (15) days of the notice, Shellpoint Mortgage Corporation may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay.

6. In the event the Debtor should default on her obligations under this Stipulation by failing to file a satisfactory Amended Chapter 13 Plan as set forth above in paragraph 4 and/or tender in full any of the payments described in paragraph 3, on or before the dates on which they are due, then Shellpoint Mortgage Corporation, its successors and/or assigns shall serve Debtor's Attorney by fax, e-mail and/or regular mail, with written notification of default. In the event that Debtor fails to cure the default within fifteen (15) days of the date of the written notification, then, Shellpoint Mortgage Corporation may file a

Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon Shellpoint Mortgage Corporation or its assignee or successors may exercise its rights against the Mortgaged Property under the terms of this Stipulation without further notice to Debtor or the Order of this Court.

7. Additionally, Debtor agrees that he/she is not permitted more than two (2) defaults from the date of the Stipulation. Debtor agrees that if he/she defaults under the terms of this Stipulation more than two (2) times, then, without any further notice, Shellpoint Mortgage Corporation, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon Shellpoint Mortgage Corporation, its successors and/or assigns may exercise its rights against the Mortgaged Property under the terms of this Stipulation.

8. Neither Shellpoint Mortgage Corporation's consent to this Stipulation nor Shellpoint Mortgage Corporation acceptance of any payments tendered by Debtor shall be construed as a waiver of Shellpoint Mortgage Corporation right to proceed with or commence a foreclosure other legal action against Debtor under this Stipulation; however, Shellpoint Mortgage Corporation agrees to credit Debtor's account for any payments made by Debtor in accordance with this Stipulation, the Note and/or Mortgage.

9. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

10. Debtor hereby certifies and confirms that he/ she has reviewed the terms of the Stipulation with his Counsel that Debtor understands and is in agreement with the terms of this Stipulation, and that counsel has been authorized by Debtor to sign this Stipulation

on his behalf.

IT IS HEREBY STIPULATED:

By:/s/ Charles G. Wohlrab Date: 5/1/23
Charles Wohlrab, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA I.D 314532
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA 30097
Telephone: 973-575-0707
Facsimile: 973-404-8886
Email: cwohlrab@raslg.com
*Attorney for Movant*

/s/ Dawn Marie Cutaia

Dawn Marie Cutaia, Esq.
Fresh Start Law, PLLC
1701 West Market Street
York, PA 17404
717-304-1841
Email: dmcutaia@gmail.com

/s/ [signature], Staff Attorney
For **Jack N Zaharopoulos**
Standing Chapter 13
(Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036
717-566-6097